# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SURESH MALLELA,<br><br>                Plaintiff,<br><br>  v.<br><br>COGENT INFOTECH CORP.,<br><br>                Defendant. | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Suresh Mallela, alleges the following**:**

## SUMMARY OF THE ACTION

1. This is an action for damages and other remedies for violations of the Trafficking Victims Protection Act of 2000 ("TVPA"), 18 U.S.C. § 1589 *et seq.*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216; and state labor, tort and contract law.

2. Plaintiff is an Indian-born internet technology professional hired by Defendant to perform services in the United States.

3. Defendant lured Plaintiff into its employment with promises of long-term work, large salaries, health insurance and other benefits. Most importantly, Defendant promised Plaintiff assistance in obtaining a Permanent Resident Card (aka Green Card). Unfortunately, these promises were lies.

4. Plaintiff instead wound up yet another victim of the forced labor trafficking which the TVPA and other laws discussed herein are designed to prevent.

5. Defendant must be punished for its actions.

1

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. Section 1589, *et. seq.*; the FLSA, 29 U.S.C. § 216; and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

9. Plaintiff, Suresh Mallela, is an adult who was at all times material hereto an HB-1 visa employee of Cogent Infotech Corp. ("Cogent").

10. Defendant Cogent is headquartered at 1035 Boyce Road, Suite 108, Pittsburgh, PA 15241. Cogent purports to be an IT consulting and workforce fulfillment firm that provides services and resourcing for businesses and other entities.

**BACKGROUND AND RELEVANT STATUTORY PROVISIONS**

11. The following facts and statutory provisions are relevant to Plaintiff's claims.

*The Visa Process*

12. To understand why Cogent's actions violated the TVPA, one first must understand the statutory framework that provides the mechanism through which nonimmigrants come to work lawfully in the U.S.

13. Employers are permitted to bring non-U.S. employees and their families to the U.S. to continue work for the company provided that their work meets certain length of stay and job function criteria, as found in 8 U.S.C. §1101(a)(15)(L) and 8 U.S.C. §1184(c)(2).

14. 8 U.S.C. §1101(a)(15)(L) provides:

[A]n alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge, and the alien spouse and minor children of any such alien if accompanying him or following to join him. . ."

15.     8 U.S.C. §1184(c)(2) provides:

(A) The Attorney General shall provide for a procedure under which an importing employer which meets requirements established by the Attorney General may file a blanket petition to import aliens as nonimmigrants described in section 1101(a)(15)(L) of this title instead of filing individual petitions under paragraph (1) to import such aliens. Such procedure shall permit the expedited processing of visas for admission of aliens covered under such a petition.

(B) For purposes of section 1101(a)(15)(L) of this title, an alien is considered to be serving in a capacity involving specialized knowledge with respect to a company if the alien has a special knowledge of the company product and its application in international markets or has an advanced level of knowledge of processes and procedures of the company.

(C) The Attorney General shall provide a process for reviewing and acting upon petitions under this subsection with respect to nonimmigrants described in section 1101(a)(15)(L) of this title within 30 days after the date a completed petition has been filed.

   (D)    The period of authorized admission for-

(i)    a nonimmigrant admitted to render services in a managerial or executive capacity under section 1101(a)(15)(L) of this title shall not exceed 7 years, or
(ii)   a nonimmigrant admitted to render services in a capacity that involves specialized knowledge under section 1101(a)(15)(L) of this title shall not exceed 5 years."

16.     Qualified non-U.S. employees are granted "H-1B" visas. *See* 8 U.S.C.A. §1101(a)(15) (H)(1)(b).

17.     The H-1B visa program permits the temporary employment of nonimmigrants in specialized occupations in the United States. See 8 U.S.C. 1101 (a)( 15)(H)(i)(b), 1182(n); 20 F.R

Part 655, subparts H and I.  H-1B visa recipients' immediate relatives may be granted "H4" visas. *See* 8 U.S.C.A. §1151(b)(2)(A)(i).

18.     In order to employ an H-1B worker, an employer must first submit a Labor Condition Application ("LCA") to the Secretary of Labor. *See* 8 U.S.C.1182(n)(l). The Immigration and Nationality Act ("INA" or "Act") requires that the employer affirm in the LCA that it will offer wages to the H-IB worker(s) that are at least the greater of "the actual wage level paid by the employer to all other individuals with similar experience and qualifications for the specific employment in question, or the prevailing wage level for the occupational classification in the area of employment." 8 U.S.C. 1182(n)(l)(A).

19.     In addition, in support of an H-IB petition, a petitioner must not only establish that the beneficiary is coming to the United States temporarily to work in a specialty occupation but the petitioner must also satisfy the requirement of being a U.S. employer by establishing that a valid employer-employee relationship exists between the U.S. employer and the beneficiary throughout the requested H-1B validity period.  *See* 8 C.F.R. 214.2 *et seq*.

20.     At all times relevant, Plaintiff was a H1-B visa holder permitted to work in the U.S.  As discussed below, Plaintiff agreed to work for Cogent because it promised him, among other things, assistance in obtaining a Green Card.

*Employer Prohibitions and Other Obligations*

21.     Employers utilizing visa workers must comply with all applicable U.S. laws, fundamentally those concerning human trafficking in the form of forced labor, such as the TVPA, which supplemented existing trafficking laws, and provided victims of forced labor a private right of action against traffickers and related parties.

22. For purposes of the TVPA, "forced labor" occurs when a person or entity "knowingly provides or obtains the labor or services of a person by (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint." 18 USC § § 1589 (a)(1-4).

23. Moreover, "whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d)." *Id*. at (b).

24. Underscoring the seriousness of forced labor, subsection (d) states: "Whoever violates this section shall be fined under this title, imprisoned not more than 20 years, or both. If death results from a violation of this section, or if the violation includes kidnaping, an attempt to kidnap, aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title, imprisoned for any term of years or life, or both," in addition to the civil penalties available under the TVPRA, which include actual and punitive damages and attorneys' fees. *See* 18 USC § 1595.

25. As described below, Cogent knowingly obtained Plaintiff's labor by means of the abuse or threatened abuse of law or legal process and by means of a scheme, plan, or pattern intended to cause Plaintiff to believe that, failure to perform the labor or services described herein would result in serious harm or physical restraint, in violation of the TVPA and TVPRA.

26. In addition to the TVPA, employers utilizing visa workers also must comply with all relevant labor laws, including the Fair Labor Standards Act of 1938, 29 USC § 203 et seq. ("FLSA"), and its state law equivalents, which provide that employers must pay all qualifying employees—including Plaintiff—at least the lawful minimum wage for all time worked. *See, e.g.,* 29 USC § 206(b).

27. As described below, Cogent failed to pay Plaintiff at least the lawful minimum wage for all time worked, in violation of the FLSA and state law equivalents.

28. Finally, as described below, Cogent intentionally and/or negligently inflicted emotional distress upon Plaintiff, in violation of Constitutional and common law protections against same.

## SUBSTANTIVE ALLEGATIONS

29. In October 2017, Cogent hired Plaintiff as a Microsoft Azure Platform Administrator. By letter authored by Cogent CEO Nandan Banerjee and dated October 31, 2017, ("Oct. 31 Letter"), Cogent represented to Plaintiff, among other things, that Plaintiff "will be paid a base salary in the amount of $105,000 per annum, on a W-2 basis, payable semi-monthly, on the 2nd and 16th day of each month . . ." Cogent further represented in the October 31 Letter that Plaintiff would be entitled to health insurance and paid time off. Cogent and Plaintiff subsequently agreed to modify this agreement in one way, making Plaintiff an hourly employee to be paid $60 per hour.

30. Importantly, the October 31 Letter also memorialized Cogent's representation to Plaintiff that Cogent would assist Plaintiff in obtaining a Green Card. Specifically, Cogent represented "Green Card Sponsorship. Green Card process will be sponsored by Cogent Infotech Corporation and process will be initiated upon completion of 3 months of employment."

31. Based on these representations, Plaintiff joined Cogent. Cogent, in turn, hired Plaintiff out to Deloitte Consulting, LLC, beginning December 2017, where Plaintiff dutifully performed his job until December 2018. Cogent then hired Plaintiff out to Nityo Infotech Corporation, where Plaintiff, again, dutifully performed his job until April 30, 2019.

32. At no time during Plaintiff's employment did Cogent do anything meaningful (if at all) to fulfill its promise to obtain for Plaintiff a Green Card, the primary bait Cogent used to lure Plaintiff into its employ.

33. Adding insult to injury, Cogent has refused to pay Plaintiff for his work for the month of April 2019, despite its duty under the law, and multiple requests by Plaintiff, to do so. Instead, Cogent has attempted to force upon Plaintiff pennies on the dollar for his work.

34. As set forth above, using foreign workers such as Plaintiff for U.S. work obligated Cogent to comply with all applicable U.S. laws with regard to Plaintiff's rights and treatment. It utterly failed to do so.

35. Cogent injured Plaintiff at least as follows:

    a. Luring Plaintiff to work for Cogent under false pretenses, as set forth above;

    b. Failing to pay Plaintiff for work performed, as set forth above;

    c. Verballing abusing Plaintiff and threatening legal action against Plaintiff whenever Plaintiff questioned illegal conduct or inquired about the lack of pay; and

    d. Unlawfully retaliating against Plaintiff by, among other things, withholding Plaintiff's pay, for complaining about the illegal treatment Plaintiff was forced to endure during the employment, thus jeopardizing Plaintiff's visa status and immigration prospects.

## COUNT I
## TRAFFICKING VICTIMS PROTECTION ACT OF 2000 AND TRAFFICKING VICTIMS REAUTHORIZATION ACT OF 2003 VIOLATIONS

36. Plaintiff incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

37. The TVPRA provides victims of forced labor a private right of action against violators. Specifically, the TVPRA provides that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney's fees." 18 U.S.C.A. § 1595(a).

38. 18 U.S.C § 1589(a) makes liable anyone who "knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means— (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint."

39. Cogent knowingly and/or recklessly obtained Plaintiff's labor by means of the abuse or threatened abuse of law or legal process and by means of a scheme, plan, or pattern intended to cause Plaintiff to believe that, failure to perform the labor or services described herein would result in serious harm or physical restraint, as described above.

40. 18 USC § 1590 makes liable "[w]hoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter."

41. Cogent knowingly recruited, obtained and/or provided Plaintiff for labor in violation of the TVPA and TVPRA, as described above.

42. 18 USC § 1592 makes liable "[w]hoever knowingly destroys, conceals, removes, confiscates, or possesses any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person (1) in the course of a violation of [the TVPA]; (2) with intent to violate section [the TVPA]; or (3) to prevent or restrict or to attempt to prevent or restrict, without lawful authority, the person's liberty to move or travel, in order to maintain the labor or services of that person, when the person is or has been a victim of a severe form of trafficking in persons . . ."

43. Similarly, 18 USC § 1597 makes it unlawful for "any person to knowingly destroy, conceal, remove, confiscate, or possess, an actual or purported passport or other immigration document of another individual . . . (3) in order to, without lawful authority, maintain, prevent, or restrict the labor of services of the individual."

44. Cogent knowingly destroyed, concealed, removed, confiscated, and/or possessed Plaintiff's actual and/or purported immigration and government identification documents in violation of the TVPA and TVPRA, as described above.

45. Due to Cogent's TVPA violations, pursuant to the TVPRA, Plaintiff is entitled to recover from Cogent actual and punitive damages to be determined at trial, as well as reasonable attorneys' fees and costs of the action.

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS

46. Plaintiff incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

47. At all times relevant to this action, Plaintiff was employed by Cogent within the meaning of the FLSA, 29 U.S.C. § 203.

48. Cogent failed to pay Plaintiff the applicable legal minimum hourly wage for all hours worked, in violation of 29 U.S.C. § 206(a).

49. Cogent retaliated against Plaintiff in violation of 29 U.S.C. § 218(c).

50. Due to Cogent' FLSA violations, Plaintiff is entitled to recover from Cogent damages to be determined at trial, as well as reasonable attorneys' fees and costs of the action.

## COUNT III
## STATE LAW LABOR AND WAGE VIOLATIONS

51. Plaintiff incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

52. As set forth herein, Cogent violated Pennsylvania's Wage Payment and Collection Law, 43 Pa. Stat. §§ 260.1, by, among other things:

    a. Failing to pay Plaintiff at least minimum wage;

    b. Failing to pay Plaintiff on a regular basis;

    c. Failing to pay Plaintiff by cash or check in violation; and

    d. Failing to provide Plaintiff with regular pay statements containing required pay-related information.

53. Cogent's violations of Pennsylvania's labor and wage laws were willful and/or reckless.

54. Due to Cogent's' labor and wage law violations, Plaintiff is entitled to recover from Cogent damages to be determined at trial, as well as reasonable attorneys' fees and costs of the action.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

56. Cogent intentionally harassed and inflicted emotional injury on Plaintiff by subjecting Plaintiff to outrageous treatment wherein Plaintiff was verbally and mentally abused and was treated in a demeaning and inferior manner.

57. Cogent's behavior towards Plaintiff was so outrageous that it extended outside the bounds tolerated by society.

58. Cogent's actions caused Plaintiff severe distress.

59. Plaintiff is entitled to recover from Cogent actual and punitive damages to be determined at trial, as well as reasonable attorneys' fees and costs of the action.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

61. Cogent directly owed Plaintiff a duty under the Thirteenth Amendment of the United States Constitution, 42 U.S.C. § 1994, 18 U.S.C. §§ 1581, 1584, and the law of nations that it breached by forcing Plaintiff to work through the use of threats of serious harm and psychological, physical, and legal coercion, and subjected Plaintiff to conditions of forced labor.

62. Cogent's actions caused Plaintiff severe distress.

63. Plaintiff is entitled to recover from Cogent actual and punitive damages to be determined at trial, as well as reasonable attorneys' fees and costs of the action.

## COUNT VI
## BREACH OF CONTRACT

64. Plaintiff incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

65. Plaintiff entered into valid and binding employment contracts with Cogent.

66. Plaintiff substantially performed under the contracts.

67. Cogent breached the contracts by failing to pay Plaintiff the agreed upon or even the prevailing wage as of the dates Plaintiff started working under the contracts.

68. Plaintiff suffered damages as a direct and proximate result of the breaches.

69. Plaintiff is entitled to recover from Cogent in privity damages to be determined at trial, as well as reasonable attorneys' fees and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A. Awarding compensatory and punitive damages in favor of Plaintiff against Cogent for all injuries Plaintiff sustained as a result of Cogent's wrongdoing in an amount to be proven at trial, including interest thereon;

B. Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

C. Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

*Signatures below.*

Dated:  December 20, 2019               Respectfully submitted,

                                                      **THE SWEET LAW FIRM, P.C.**

                                                     */s/  Benjamin J. Sweet*
                                                     Benjamin J. Sweet
                                                     1145 Bower Hill Road, Suite 104
                                                     Pittsburgh, PA 15243
                                                     Telephone: 412-857-5350
                                                     *ben@sweetlawpc.com*

                                                   **THE WEISER LAW FIRM, P.C.**
                                                     Christopher L. Nelson
                                                     John J. Gross
                                                     22 Cassatt Avenue
                                                     Berwyn, PA 19312
                                                     Telephone: (610) 225-2677
                                                     Facsimile: (610) 225-2678
                                                     *cln@weiserlawfirm.com*
                                                     *jjg@weiserlawfirm.com*

                                                     *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2019, the foregoing Complaint was filed electronically with the Court's Case Management/Electronic Case Files (CM/ECF) docketing system.  Notice of this filing will be sent to all counsel of record by operation of the via Electronic Mail and via First-Class Mail upon the following:

Cogent Infotech Corp.<br>
1035 Boyce Road, Suite 108<br>
Pittsburgh, PA 15241

                                 */s/ Benjamin J. Sweet*

                                 Benjamin J. Sweet