Benjamin J. Sweet
NYE STIRLING HALE & MILLER, LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
Email:  ben@nshmlaw.com
Phone: (412) 857-5350

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------
                               :

SURESH MALLELA,            :

                 :

         Plaintiff,     :

                 :   Civil Action No. 2:19-cv-01658

     v.            :

                 :

COGENT INFOTECH CORP.,   :

                 :

         Defendant.   :

                 :

---------------------------------------------------------:

## PLAINTIFF'S MOTION TO DISMISS OPPOSITION

Plaintiff respectfully submits this opposition to Defendant's Amended Brief in Support of its Partial Motion to Dismiss Counts I, IV and V of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (D.E. 10) ("Def. Br.").

## I.    INTRODUCTION

In or around October 2017, Defendant Cogent Infotech Corp., ("Cogent" or "Company") lured Plaintiff—an Indian citizen and information technology professional—to the United States with promises of long-term work and attendant generous salaries, health insurance and assistance

with obtaining a Permanent Resident Card (aka "Green Card") along with other benefits Plaintiff could not find in his home country.  ¶¶ 2-3.[1]  Defendant's promises were false.

By letter authored by Cogent CEO Nandan Banerjee and dated October 31, 2017 ("Oct. 31 Letter"), Cogent represented to Plaintiff, among other things, that Plaintiff "will be paid a base salary in the amount of $105,000 per annum, on a W-2 basis, payable semi-monthly, on the 2nd and 16th day of each month . . ."  *Id.*  Cogent further represented in the October 31 Letter that Plaintiff would be entitled to health insurance and paid time off. *Id.*  Cogent and Plaintiff subsequently agreed to modify this agreement in one way: making Plaintiff an hourly employee to be paid $60 per hour. *Id.*  Importantly, the October 31 Letter also memorialized Cogent's representation to Plaintiff that Cogent would assist Plaintiff in obtaining a Green Card. ¶ 30. Specifically, Cogent represented "Green Card Sponsorship.  Green Card process will be sponsored by Cogent Infotech Corporation and process will be initiated upon completion of 3 months of employment."  *Id.*

Based on these representations, Plaintiff joined Cogent. ¶ 31.  Cogent, in turn, hired Plaintiff out to Deloitte Consulting, LLC, beginning December 2017, where Plaintiff dutifully performed his job until December 2018. *Id.*  Cogent then hired Plaintiff out to Nityo Infotech Corporation, where Plaintiff, again, dutifully performed his job until April 30, 2019. *Id.*

At no time during Plaintiff's employment did Cogent do anything meaningful (if at all) to fulfill its promise to obtain for Plaintiff a Green Card, the primary bait Cogent used to lure Plaintiff into its employ. ¶ 32.  Cogent also refused to pay Plaintiff for a portion of his work in retaliation for complaining about his situation, despite its duty under, and in violation of, the law, and multiple requests by Plaintiff to do so.  ¶ 33.  In addition, during and following his employment, Plaintiff

---

[1] ¶ refers to paragraphs in Plaintiff's Complaint (D.E. 1).

was made to endure verbal abuse and threats designed to prolong Plaintiff's forced labor situation and retaliate against him for ending same.  ¶¶ 34-35.

Wrongly lured to the U.S. and finding himself the victim of U.S. labor law violations, unable to collect the money he had rightly earned working for Defendant, and afraid for his well-being, Plaintiff brought the within action against Defendant for violations of the Trafficking Victims Protection Act of 2000 and Trafficking Victims Reauthorization Act of 2003, 18 U.S.C §§ 1589(a), 1590, 1592 and 1597 (together "TVPA") (Count I, ¶¶ 36-45); the Fair Labor Standards Act, 29 U.S.C. §§ 203, 206(a) and 218(c) (Count II, ¶¶ 46-50); Pennsylvania's Wage Payment and Collection Law, 43 Pa. Stat. § 260.1 (Count III, ¶¶ 51-54); and state common law claims for intentional infliction of emotional distress (Count IV, ¶¶ 55-59), negligent infliction of emotional distress (Count V, ¶¶ 60-63) [2] and breach of contract (Count VI, ¶¶ 64-69).

Tellingly, Cogent only challenges Plaintiff's allegations with regard to Counts I and IV (*see, e.g.,* Def. Br. at 1-2), thereby conceding that Plaintiff has pled adequately its Fair Labor Standards Act (Count II), Pennsylvania Wage Payment and Collection Law (Count III) and breach of contract (Count VI) claims.

For the reasons below, Counts I and IV should be sustained as well.

## II.    ARGUMENT

### A.    Pleading Standard

To survive a motion to dismiss based on Fed. R. Civ. P. 12(b)(6) a complaint need only contain sufficient factual matter to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the [complainant] pleads factual content that allows

---

[2] Plaintiff hereby voluntarily dismisses Count V.

the court to draw the reasonable inference that the [defendant] is liable for the misconduct alleged." *Id*.   To defeat a Rule 12(b)(6) motion, a complaint's factual allegations need only "raise a right to relief above the speculative level...."   *Eid v. Thompson*, 740 F.3d 118, 122 (3d. Cir. 2014) (*quoting Twombly*, 550 U.S. at 555).   "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.   Plaintiff's Complaint readily meets this standard.

### B.     The Complaint Adequately Pleads TVPA Violations and Claims

The TVPA makes liable anyone who "knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means (1) by means of force, threats of force, physical restraint or threats of physical restraint to that person or another person; (2) by means of ***serious harm or threats of serious harm*** to that person or another person; (3) ***by means of the abuse or threatened abuse of law or legal process***; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would ***suffer serious harm*** or physical restraint." . . . 18 U.S.C. § 1589(a) (emphasis added).

For purposes of the TVPA, "'abuse or threatened abuse of law or legal process' means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action."   *Id.* at (c). "'Serious harm' means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances,

to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm." *Id.*

Here, Plaintiff alleges that Cogent subjected him to "abuse or threatened abuse of law or legal process" through the threatened use of administrative legal process for which the law was not designed, in order to exert pressure on Plaintiff to endure an abusive work environment and refrain reporting Cogent to the authorities or quitting his job. ¶¶ 25, 39.[3] Such allegations, standing alone, are more than sufficient to plead a claim for violation of the TVPA. *See*, *e.g.*, *Lipenga v. Kambalame*, 219 F. Supp. 3d 517, 525-526 (D. Md. 2016).

Specifically, as set forth in the Complaint, Plaintiff traveled thousands of miles to obtain better employment and U.S. citizenship, based on Defendant's promises. *See* ¶¶ 2-3. Indeed, Cogent promised this and more. *Id.* By failing to deliver, Cogent left Plaintiff in a strange land without money he could have earned back home and no closer to U.S. citizen ship and, just as importantly, worse for the wear due to the abuse he endured while in Cogent's employ. *See* ¶¶ 31-35. Defendant's attempt – on a motion to dismiss with no factual record other than the Complaint – to minimize and re-write the facts of Plaintiff's plight ignores the seriousness of its actions.

Indeed, that myriad federal and state laws exist to protect workers from such harms as refusal to pay wages, harassment and retaliation speaks volumes of their importance to individual's core values and well-being; Cogent's failure to attempt to refute Plaintiff's allegations that it violated these laws speaks even more. *See* Def. Br. at 1-2 (Defendant not challenging Plaintiff's federal or state workers' rights claims (Counts II and III) nor his breach of contract claims (Count V)). Just as importantly, Defendant lured Plaintiff here, and strung him along for nearly a year

---

[3] Plaintiff also suffered "serious harm," including psychological, financial, and/or reputational harm, that was sufficiently serious, under all the surrounding circumstances, to compel him reasonably to continue performing labor or services in order to avoid incurring that harm.

and a half, with the promise of helping him obtaining a Green Card—an unconscionable act with devastating consequences for any would-be U.S. citizen, including Plaintiff.  This is particularly so where, as here, Plaintiff (and anyone similarly situated for that matter) must (and did) endure awful treatment from employers like Cogent, including the failure to pay wages, just to retain their visa status (*see, e.g.,* ¶ 35) because losing visa-sponsoring job means losing their position in the skilled employment-based green card queue which currently includes over 700,000 Indian professionals in line for the 140,000 green cards issued each year.  *See, e.g.,* QZ.com: *For Over 200,000 Indians, The Wait For A Green Card Is Longer Than Their Lifetimes,* Ananya Bhattacharya, March 31, 2020 (Green Card applicants "cannot be unemployed at any time . . . [because they will] lose their status and places in the green card queue . . .").[4]

Cogent and like companies can and do grossly mistreat employees like Plaintiff at will, creating traumatizing situations for their victims, including Plaintiff.  Taken together, these facts establish the "abuse or threatened abuse of law or legal process" and "serious harm" the TVPA prohibits and, as such, the Complaint adequately pleads actionable TVPA violations.  Courts regularly sustain allegations just like those pleaded here.

For example, in *Lipenga,* 219 F. Supp. 3d 517, 525-526, the court sustained plaintiff's TVPA allegations where the complaint alleged that her former employer obtained her labor by abuse or threatened abuse of law or legal process by inducing her to come to the United States under the false promises of fair working conditions and appropriate compensation, among other things.

---

[4] https://qz.com/india/1828970/over-200000-indians-could-die-waiting-for-a-us-green-card/  last accessed April 22, 2020.

Similarly, in *Ramos-Madrigal v. Mendiola Forestry Service, LLC*, 799 F. Supp. 2d 958, 960 (W.D. Ark. 2011), for example, the court denied defendant's motion to dismiss the plaintiff's TVPA claim where, as here, the threats implicated "serious immigration consequences in order to prevent them from leaving employment" and thus its "abuse of the legal process" prong.  *See also Bistline v. Parker*, 918 F.3d 849, 872 (10th Cir. 2019) (TVPA forced labor properly alleged where church leader threatened compliance with threats and withholding of pay); *Novoa v. The Geo Group, Inc.*, 2018 WL 4057814, *5 (C.D. Cal. Aug. 22, 2018) (TVPA forced labor allegation sustained where plaintiff threatened for protesting unlawful treatment).  Here, nothing more is required, especially on a motion to dismiss for failure to state a claim.

Cogent's arguments to the contrary are unpersuasive. For example, Defendant claims, "as a threshold matter," that the TVPA is designed only to address sex trade, slavery and slavery like conditions (Def. Br. 4), ignoring the plane language of the statute, the cases it cites immediately thereafter (*see id*.) and myriad other decisions--*e.g., Barrientos v. CoreCivic, Inc.*, 332 F. Supp. 3d 1305, 1310 (M.D. Ga. 2018) ("If Congress intended the TVPA to apply narrowly to human traffickers or human trafficking-related labor only, it could have easily limited § 1589 or § 1595 to those circumstances by saying so in those sections of the Act. Congress placed no such restriction in the statute but chose instead to broadly prohibit "whoever" from "obtain[ing] labor" by any of the proscribed means. 18 U.S.C. § 1589(a).").  Defendant also seemingly ignores the allegations of the Complaint, citing, *e.g., Headley v. Church of Scientology* Int'l, 687 F.3d 1173 (9th Cir. 2012) for the proposition that an employer may warn an employee about the potential consequences of leaving a job (Def. Br. at 5)—an apparent attempt to rewrite Plaintiff's allegations of harassment and retaliation for complaining about his mistreatment. *See, e.g.* ¶ 35.  And *Muchira v. Al-Rawaf*, 850 F.3d 605 (4th Cir. 2017) and *Zavala v. Walmart Stores, Inc.* 691 F.3d 527 (3rd

Cir. 2012), to which Cogent cites extensively, (*see* Def. Br. 4-9) analyze summary judgment and class certification related proof thresholds, not the pleading requirements at issue, here.

Accordingly, Plaintiff's TVPA claims are adequately pleaded and should be sustained.

### C.      The Complaint Adequately Pleads Intentional Infliction of Emotional Distress

In Pennsylvania, "[t]o prove a claim of intentional infliction of emotional distress ("IIED"), the following elements must be established: (1) the conduct must be extreme and dangerous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe." *Laneve v. Latrobe Steel Co.*, CIV.A. 14-216, 2015 WL 4911824, at *7 (W.D. Pa. Aug. 17, 2015) *quoting Hoy v. Angelone*, 456 Pa.Super. 596, 691 A.2d 476, 482 (Pa.1997). Plaintiffs allege each of foregoing; on a motion to dismiss this claim should be sustained.

As set forth in the Complaint, and discussed above, Cogent's actions caused Plaintiff to leave his homeland and travel to a foreign country based on false promises of a life-changing Green Card and unfulfilled promises of generous pay and other benefits afforded workers in America. *See* Section B.  Moreover, Plaintiff was made to endure the above while enduring threats and other retaliation for complaining about his mistreatment. *Id.*

In defending its actions in this regard, Cogent points to a litany of cases involving sexual assault, death, dismemberment, and other dreadful acts in an effort to minimize its actions and their effects as well as to suggest employment-related IIED claims are impermissible.   This is simply untrue.  Employment-related IIED claims are taken seriously and sustained in Pennsylvania (and other states), contrary to Cogent's suggestion.  *See Bowersox v. P.H. Glatfelter Co.*, 677 F.Supp. 307, 310-312 (M.D. Pa. 1988) (sustaining employment related IIED claim where plaintiff endured harassment and retaliation (and collecting cases)); *Shaffer v. Nat'l Can Corp.*, 565 F.Supp. 909, 915-916 (E.D. Pa. 1983) (same).

Accordingly, Plaintiff's claims for intentional infliction of emotional distress are adequately pleaded and should be sustained.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff's Complaint should be sustained in its entirety.  If the Court dismisses any part of the Complaint challenged by Defendant, Plaintiff respectfully requests leave to amend pursuant to Fed. R. Civ. P. 15.

Dated:  April 24, 2020

Respectfully submitted,

**NYE STIRLING HALE & MILLER, LLP**

*/s/ Benjamin J. Sweet*
Benjamin J. Sweet
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
Email:  ben@nshmlaw.com
Phone: (412) 857-5350

**THE WEISER LAW FIRM, P.C.**
Christopher L. Nelson, *Pro Hac Vice pending*
John J. Gross, *Pro Hac Vice pending*
22 Cassatt Avenue
Berwyn, PA 19312
Email: jjg@weiserlawfirm.com
Phone: (610) 225-2677

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2020, Plaintiff's Opposition to the Motion to Dismiss was filed electronically with the Court's Case Management/Electronic Case Files (CM/ECF) docketing system. Notice of this filing will be sent to all counsel of record by operation of the docketing system.

*/s/ Benjamin J. Sweet*
Benjamin J. Sweet